UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| VICKIE SPENCER Administratrix of the Estate of DONNIE MILES | ) ) ) | |
| Plaintiff | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 3:11-cv-125-H |
| RICHARD BURNS | ) ) ) | |
| **SERVE:** Richard Burns, Louisville Metro Division of Police 633 West Jefferson Louisville, KY  40202 | ) ) ) ) ) ) | |
| AND | ) ) | |
| JOSEPH DOUGHERTY | ) ) ) | |
| **SERVE:** Joseph Dougherty Louisville Metro Division of Police 633 West Jefferson Louisville, KY 40202 | ) ) ) ) ) ) | |
| AND | ) ) | |
| LUKE PHAN | ) ) ) | |
| **SERVE:** Luke Phan Louisville Metro Division of Police 633 West Jefferson Louisville, KY 40202 | ) ) ) ) ) ) | |
| AND | ) ) | |
| KRISTOPHER PEDIGO | ) ) ) | |
| **SERVE:** Kristopher Pedigo | ) ) | |

| | |
|---|---|
| Louisville Metro Division of Police | ) |
| 633 West Jefferson | ) |
| Louisville, KY 40202 | ) |
| | ) |
| AND | ) |
| | ) |
| LOUISVILLE-,JEFFERSON COUNTY | ) |
| METRO GOVERNMENT | ) |
| | ) |
| **SERVE:** | ) |
| Greg Fisher, Mayor | ) |
| Louisville Metro Hall | ) |
| 527 West Jefferson Street | ) |
| Louisville, KY  40202-2814 | ) |

                Defendants

# COMPLAINT

## I. Preliminary Statement

1.  This is a damages action under 42 U.S.C. § 1983 and state law against four individuals, and their respective employer, Louisville-Jefferson County Metro Government, stemming from the individuals use of a firearms that resulted in the death of a Louisville man. Plaintiff alleges that Officers Burns, Dougherty, Phan and Petigo used unreasonable excessive force on Donnie Miles (Miles) without lawful cause and leading to his death, thereby violating Miles' right to be free from unreasonable seizure, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff further alleges that Burns, Dougherty, Phan and Pedigo acted negligently, recklessly and/or wantonly, while within the course and scope of their employment with Louisville Metro, in the alternative, that they acted intentionally, thereby violating Miles' rights under Kentucky tort law.  Plaintiff further alleges that the Louisville-Jefferson County Metro Government was deliberately indifferent to the need to train it's employees (Including Burns, Dougherty, Phan and Pedigo) to deal properly with citizens in certain situations (mentally ill), the proper methods regarding the use of force, the proper use of

the taser and other non-lethal weapons at the officers disposal, and that this failure to train led directly to Miles' death.

## II. Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original district court jurisdiction over cases presenting federal questions.

3. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## III. Parties

5. The plaintiff, Vickie Spencer, was duly appointed as Administratrix of the Estate of Donnie Miles, on March 2, 2010, case number 10-P-784. Miles died on February 6, 2010.

6. The defendant, Richard Burns, in his individual capacity (Officer Burns) is police officer for the Louisville Metro Police Department.

7. The defendant, Joseph Dougherty, in his individual capacity (Officer Dougherty) is a police officer for the Louisville Metro Police Department.

8. The defendant, Luke Phan, in his individual capacity (Officer Phan) is a police officer for the Louisville Metro Police Department.

9. The defendant, Kristopher Pedigo, in his individual capacity (Officer Pedigo) is a police officer for the Louisville Metro Police Department.

10. The defendant Louisville-Jefferson County Metro Government (Louisville) is a merged city/county government duly organized under Kentucky law and employs defendants Burns, Dougherty, Phan and Pedigo.

## IV. Factual Allegations

11.     At all relevant times pertinent hereto, the defendants Burns, Dougherty, Phan and Pedigo acted under the color of state law.

12.     At the time of his death, Miles was 48 years old.

13.     On or about February 6, 2010, Miles was at his home in the Iroquois Homes Housing Complex, in Louisville, Jefferson County, Kentucky, when he came into contact with Burns, Dougherty, Phan, and Pedigo and dozens of other officers for Louisville Metro. At the time of the shooting, Mr. Miles was by himself, had retreated to the inside of his home, was lured out by the police, was coming off of his porch, and was walking in the direction of dozens of officers which included SWAT and canine units.

14.     The named defendants fired their firearms repeatedly into Mr. Miles body, thereby killing him onsite. The justification that was used on the night in question is that Mr. Miles allegedly had a small hammer in his hand.

15.     Upon information and belief, defendant officers had not been trained properly in the use of the taser, pepper ball guns, in the force continuum and/or in dealing with citizens with mental health problems. If they had, they would have been able to subdue Miles with less than lethal force and would have realized that it is unreasonable to perceive Mr. Miles a threat and shoot him to death. Especially in light of the fact of the sheer number of the police and the plethora of available weapons they had on the scene at the time of the shooting.

16.     According to eye witnesses all four officers fired their weapons into the body of Mr. Miles.

17.     As a result of the defendants' encounter with the Plaintiff, he died on the scene.

18. The Defendants used excessive force on the Plaintiff that resulted in his death either intentionally, or with deliberate indifference to Miles' life, health and safety, or negligently, recklessly and wantonly used excessive force against him.

19. The Defendants actions were so willful, wanton, malicious, and in utter disregard for Miles' rights as to warrant the imposition of punitive damages.

20. No reasonable officer/person could have thought that shooting an unarmed man in Miles' condition was lawful.

21. Louisville Metro's failure to provide adequate training to Officers Burns, Dougherty, Phan and Pedigo includes but is not limited to: training about interaction with citizens with mental health conditions, the use of a taser, use of non lethal weapons available such as the use of the pepper ball gun and the force continuum, and constitutes deliberate indifference to this obvious need.

22. As a direct and proximate result of Officer Burns, Dougherty, Phan and Pedigo's unlawful conduct, and the Louisville Metro's deliberate indifference to its police officers' training needs, Miles was deprived of his enjoyment of life, endured physical pain and suffering, and suffered the destruction of his power to labor and earn money.

## V. CAUSES OF ACTION

### Count I: Search and Seizure

23. Defendants Burns, Dougherty, Phan and Pedigo's shooting and killing of Miles constitutes an unreasonable seizure.

24. Defendants thus have deprived Miles of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

### Count II:  Assault and Battery

25. Defendants shooting and killing of Miles constitutes assault and battery.

26. Defendants thus have deprived Miles of rights secured by Kentucky tort law.

### Count III:  Negligence and Vicarious Liability

27. Defendants Burns, Dougherty, Phan and Pedigo's acts and/or omissions were negligent, reckless or wanton, and occurred within the scope and course of their employment as Metro Louisville police officers.

28. The acts and omissions described above were a substantial factor in bringing about Miles' death.

29. As a result, Miles has suffered the destruction of his power to labor and earn money, endured pain and suffering, lost his life and incurred funeral expenses.

30. Defendants thus have deprived Miles of rights secured by Kentucky tort law.

31. Louisville Metro is vicariously liable for the defendant Officers' negligent, reckless or wanton conduct.

### Count IV:  Failure to Train

32. Louisville Metro was deliberately indifferent to its employees need for training about interactions with individuals with mental health issues, pepper ball guns, tasers, the use of deadly force and the force continuum.

33. Louisville Metro is therefore liable for the constitutional deprivations and violations of Kentucky tort law caused by Defendant Officers shooting and killing of Miles.

### Count V: <u>Punitive Damages</u>

34. Defendant Burns, Dougherty, Phan and Pedigo's conduct was so willful, wanton, malicious and in utter disregard for Miles' rights as to warrant the imposition of punitive damages.

### VI. <u>Request for Relief</u>

**WHEREFORE**, the plaintiff requests:

1. Trial by jury of all issues so triable;

2. An award of compensatory and punitive damages against defendants Burns, Dougherty, Phan and Pedigo, in amounts to be proven at trial;

3. An award of compensatory damage and punitive damages against Louisville Metro in amounts to be proven at trial;

4. Recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988; and

5. All other relief to which he may be entitled.

          /s/ Garry R. Adams_____
GARRY R. ADAMS
CLAY FREDERICK ADAMS, PLC
101 Meidinger Tower
462 S. Fourth Avenue
Louisville, KY  40202
(502) 561-2005
garry@justiceky.com

BRETT H. OPPENHEIMER, PLLC
401 Waterfront Park Place
222 E. Witherspoon Street
Louisville, KY 40202
(502) 749-5700
brett@bluegrassinjury.com

HOUSTON OPPENHEIMER
4500 Bowling Blvd.
Louisville, KY 40207